Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5063 | **DATE** | 8/15/2012 |
| **CASE TITLE** | Tylon Hudson (#2009-1120252) v. John Mueller, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [3] is denied without prejudice. To proceed with this case, within 30 days of the date of this order, plaintiff must either prepay the $350 filing fee or submit a completed *in forma pauperis* application. Plaintiff's failure to comply with this order will result in summary dismissal of this case. The clerk is directed to send to plaintiff an *in forma pauperis* application, along with a copy of this order. Plaintiff's motion for a temporary restraining order and a preliminary injunction [5] is denied; however, the Court directs the clerk to forward a copy of this order to the Cook County Sheriff's Office so that jail officials may accommodate plaintiff's request for vegan meals, if such can be done in accordance with the jail's rules and regulations. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

    Plaintiff Tylon Hudson, an inmate currently incarcerated at the Cook County Jail, has filed a 42 U.S.C. § 1983 complaint against Cook County Jail Program Director John Mueller, several jail superintendents, and several officers. Plaintiff alleges that he is a vegan for religious reasons, but his vegan meals were discontinued in June of 2012 after he purchased non-vegan items from the commissary. Plaintiff states that the commissary items were purchased for other inmates at the jail (writ writers assisting him with submitting pleadings in cases).

    Plaintiff's application to proceed *in forma pauperis* ("IFP") must be denied, as the certificate from an authorized officer is incomplete and no trust fund statement was included with his application. Under the Prison Litigation Reform Act ("PLRA"), an inmate must pay the $350 filing fee. If he is unable to pre-pay the fee, he may seek leave to proceed *in forma pauperis*. to pay the fee with monthly deductions from his jail trust fund account. To proceed IFP, he must submit a completed application that includes both a filled out certificate from an authorized officer stating plaintiff's current balance and six-month average deposits, as well as "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). These documents are necessary for the Court to determine whether plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. The certificate on plaintiff's application is incomplete and there is no copy of his jail trust account statement. Accordingly, his IFP motion is denied without prejudice to submitting a completed one or pre-paying the $350 filing fee.

    If plaintiff wants to proceed with this action, he must either prepay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, including a certificate from an authorized officer and a copy of his trust fund account showing all activity for the six-month period preceding his filing of the instant suit. His failure to submit a completed application or prepay the $350 filing fee within 30 days of the date of this order will result in the summary dismissal of this case.

isk

| STATEMENT (continued) |
|---|

  Plaintiff's request for a temporary restraining order ("TRO") and for a preliminary injunction are denied. An ex parte TRO may issue without notice:

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b); *see also James v. Randle*, No. 10-cv-78, 2010 WL 3310245 at *4 (S.D. Ill. Aug. 19, 2010) (Herndon, J.). A preliminary injunction requires plaintiff to show: (1) his case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) he will suffer irreparable harm if an injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If plaintiff is able to make the requisite showing for injunctive relief, a court must then consider the harm that the nonmoving party would suffer if preliminary injunctive relief is granted, "balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.* Finally, the court must consider the interests of non-parties (the public's interest) in denying or granting the injunction. *Id.*

  For present purposes, the court need not address the propriety of plaintiff's request for both a TRO and a preliminary injunction. Without expressing any opinion as to the ultimate merits of plaintiff's claims, his pleadings demonstrate that neither a preliminary injunction nor a TRO is warranted. At this early stage of the litigation, plaintiff's allegations do not set forth specific facts demonstrating that irreparable harm will result before the defendants can be heard. The court agrees with plaintiff that food is a necessity; however, plaintiff is not being denied meals, but rather vegan meals. *See Munson v. Gaetz*, No. 11-159-GPM, 2012 WL 1107761 at *8 (S.D. Ill. April 2, 2012) (Murphy, J.) (denial of TRO and preliminary injunction seeking a soy-free vegan meal to accommodate an inmate's religious and medical needs did not amount to irreparable harm that required immediate action prior to defendants' ability to respond).

  Even if plaintiff could demonstrate a likelihood of success on the merits and irreparable harm, his pleadings indicate that preliminary injunctive relief should not be granted. Plaintiff states that his vegan meals were discontinued because he purchased non-vegan commissary items, thus indicating a jail practice or policy about when vegan meals may be denied or discontinued. Consideration of the harm to the defendants and the public's interest prevent the granting of preliminary injunctive relief as "[f]ederal courts must exercise equitable restraint when asked to take over the administration of a prison." *Munson*, 2012 WL 1107761 at *8; *see also Thielman v. Leean*, 282 F.3d 478, 483 (7th Cir. 2002), citing *Sandin v. Connor*, 515 U.S. 472, 482 (1995) (courts should avoid interfering with the day to day operations of a prison); *see also Keeney v. Heath*, 57 F.3d 579, 581 (7th Cir. 1995) (judges must be cautious about disparaging disciplinary and security decisions of correctional authorities).

  Although plaintiff has not made the requisite showing for a TRO or a preliminary injunction, the Court will forward a copy of this order to jail officials so that plaintiff may again receive vegan meals, if his receipt of such meals does not interfere with the jail's rules, regulations, and policies.

  Finally, the Court denies plaintiff's motion for the appointment of counsel without prejudice. Civil litigants do not have a constitutional or statutory right to counsel. A district court may, in its discretion, "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but a plaintiff must demonstrate that he "has made reasonable efforts to retain counsel and was unsuccessful or that [he] was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Additionally, in order to appoint counsel, the case should contain complex issues of law or discovery such that the plaintiff is not competent to represent himself. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). Plaintiff has not made the requisite showing for counsel.