Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5063 | **DATE** | 11/14/12 |
| **CASE TITLE** | Tylon Hudson (#2009-1120252) v. John Mueller, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [15]. Trust fund officials at Plaintiff's place of confinement are authorized and directed to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall mail a copy of this order to the trust fund office at the Cook County Jail. The clerk shall also issue summonses for service of the complaint on the Defendants through the U.S. Marshal and to send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

Plaintiff, Tylon Hudson, an inmate currently confined at the Cook County Jail, has submitted a completed *in forma pauperis* ("IFP") application in accordance with the Court's prior order. Finding that Plaintiff is unable to prepay the $350 filing fee or an initial partial payment, the Court grants his IFP motion and waives the initial fee. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and finds that Plaintiff may proceed with his claims against the Defendants. Plaintiff alleges that he is a Hebrew Israelite and, in accordance with his religion, cannot eat meat or meat by-products. Although he had been receiving vegan meals at the jail for years, in June of 2012, his vegan meals were discontinued "due to commissary purchase violations." (Compl. at ¶ 5.) Plaintiff states that Programs Coordinator John Mueller notified him that he would no longer be receiving vegan meals, and that the notice was forwarded to Superintendents Bratlien and Julien and Registered Sanitarians Gnacinski and Schroder. Plaintiff's allegations that his vegan meals have been discontinued and that he is being provided regular meals contrary to his religion state a colorable cause of action. *See Vinning–El v. Evans*, 657 F.3d 591 (7th Cir. 2011); *Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008). Although it is unclear how the superintendents and sanitarians were involved, the fact they were allegedly notified to discontinue vegan meals for Plaintiff suggests that they played some role. The complaint may thus proceed.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|
|     The clerk shall issue summonses for service of the amended complaint on the Defendants, and the U.S. Marshal is directed to serve them.  The Marshal may forward to Plaintiff forms that may be necessary for service.  Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants.  If any Defendant is no longer employed or associated with Cook County Jail, officials there shall provide the last known address of that Defendant, which shall be used only to effectuate service and which shall neither be kept in the court's file nor disclosed by the Marshal.  The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.<br>    Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance on their behalf.  Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed.  Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed. |